REDDING *v.* REDDING.

(Division B. Nov. 13, 1933.)

[150 So. 776. No. 30811.]

**J. D. Carr** and **J. M. Carr**, both of Newton, for appellant.

**W. M. Everett,** of Hickory, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The issue was whether appellant should be adjudged

in contempt for the failure to pay five dollars per month alimony previously adjudged against him; and his principal contention was that he was physically unable to work, and, being without property, could not comply with the decree. In this case, as in most of such cases, the chancellor occupied an advantageous position because he had the appellant before him, and could, to an extent, judge of his physical condition by sight.

In a case of this character, if he became unable in fact to comply with an alimony decree, the party should with reasonable promptitude make that fact known to the court by a proper petition, and have the alimony decree modified or suspended, and not wait until he has been cited for contempt. This comports with good order, and is less expensive than to await the citation for contempt and then defend the charge thereby made. And, if he do not take the seasonable course first mentioned, he will, in response to the citation for contempt, be required to make out a clear case of inability—merely to raise doubts about it is not sufficient—this for the reason, among others, that chancellors who have been long on the bench learn that decrees for alimony are notably productive of pretenses of poor health and inability to work, and on citations for contempt they are authorized to scrutinize such excuses in the light of that judicial experience.

We are not able to say on this record that the chancellor was manifestly wrong in holding that appellant had not met the required burden in this case.

Affirmed.