## COLLINS *v.* COLLINS.

(Division A. Feb. 4, 1935.)

[158 So. 914. No. 31307.]

**Leonard B. Melvin,** of Laurel, for appellant.

Jeff Collins, of Laurel, for appellant.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of the second judicial district of Jones county, adjudging the appellant in contempt of court for his failure to comply with a former decree ordering him to pay the appellee twenty dollars per month for the support of their minor child.

On September 24, 1928, in a decree granting the appellant a divorce from the appellee, the temporary custody of their minor child was awarded to the appellee. On the 3d day of November, 1932, on the petition of the appellee, the custody of the child was again awarded to her until the further order of the court, and the appellant was ordered to pay her twenty dollars per month for the support and maintenance of the child. In October, 1933, upon the petition of appellee, the appellant was cited to appear and show cause why he should not be adjudged in contempt of the court for having failed to comply with this decree requiring him to make monthly

payments for the support and maintenance of the child. Upon the hearing of this petition, a decree was entered adjudging that the appellant was in arrears in these payments to the amount of fifty dollars, which he had not in good faith attempted to pay; that he was in contempt for his failure and refusal to pay this sum; and that he be committed to jail until he paid the said sum, or otherwise purged his contempt of the court.

The first contention of the appellant is that the divorced wife and mother of the child had no right to maintain a suit or proceeding against its father for its support and maintenance, and that, therefore, the decree requiring the father to contribute a stipulated amount each month to the support of his child was void. In support of this contention, he relies on the case of Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146, 7 A. L. R. 1259, wherein it was held that children who have been abandoned by their father cannot maintain a bill against him to ascertain what amount is sufficient for their support, and to require him to pay such amount monthly, although our statutes impose the duty upon certain relatives to support the pauper members of their family, and provide for the punishment of persons who abandon their families without cause.

The Rawlings case, supra, does not support the contention that the court which granted a divorce from the wife is without authority to require the father to contribute to the support and maintenance of his minor child whose custody has been awarded to the divorced wife. The original decree granting the divorce retained jurisdiction of the cause, for the purpose of controlling the future custody of the child, and the decree providing for the support and maintenance of the child was incident to the divorce proceedings; and the basis and authority for the decree of the court is found in section 1421, Code 1930, which provides that: ''When a divorce shall be decreed from the bonds of matrimony, the court

may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.''

The introduction of the decree ordering the appellant to pay a stipulated monthly sum for the support and maintenance of his child, together with proof that he had failed to comply with the decree, placed him prima facie in contempt of court, and devolved on him the burden of proving his inability to make the payments directed. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712. Under the rule announced in the Ramsay case, the right of the court to commit a defaulting husband or father to jail until he complies with a former decree for alimony or support for his child is dependent upon his present ability to comply with the decree; and in determining his present ability to pay, the amount of his past earnings and the manner in which they have been expended is not controlling. The uncontradicted proof in the case at bar was that the appellant was in very bad health, and had no money or property, and no means of obtaining any except by his personal efforts in the practice of his profession, except the small sum of twenty-eight dollars and thirty-seven cents as veteran's compensation, payable monthly. Under these circumstances, we think it was error to commit him to jail until he paid the past-due installments of the sum allowed for the support of the child.

In order, however, to relieve himself of liability for punishment by a fine or imprisonment, or both, for contempt in failing to comply with the decree, an entirely

different burden was placed upon the appellant by the rule laid down in the Ramsay case, supra. We express no opinion as to whether or not he has met the latter burden, as that question is not before us. The decree of the court below committing the appellant to jail until he shall have paid the arrears of the allowance for the support and maintenance of his child will, therefore, be reversed and the cause remanded.

Reversed and remanded.