## VOGEL *v.* VOGEL.

(In Banc. Dec. 9, 1946. Suggestion of Error Overruled Jan. 13, 1947.)

[28 So. (2d) 217. No. 36252.]

**Quitman Ross**, of Laurel, for appellant.

**T. Price Dale**, of Hattiesburg, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On January 4, 1945, the appellee, Mrs. Mae Vogel, obtained a decree against her husband, the appellant, Herman D. Vogel, by which she was allowed the sum of $100 a month, payable at the rate of $25 a week, which we interpret to mean $25 per week until the sum of $100 per month is paid, for the separate maintenance of herself and two children, whose custody was awarded to her under such decree. On December 28, 1945, she caused a citation to be issued and served on the appellant to show cause why he should not be adjudged in contempt of the court for his failure to comply with the above-mentioned decree, on which he had made no payments at all. On January 7, 1946, a hearing was had in the contempt proceeding, with the result that he was adjudged to be in arrears for the sum of only $1,000, due to the fact that some time prior

thereto the appellee had been relieved of the custody of one of the children for whose maintenance the original allowance was made.

At the hearing the appellee not only introduced the original decree and made proof that the same had not been complied with, but went further, and showed that at the time of the rendition of the original decree the appellant owned 210 head of cattle, and certain trucks, a tractor, farming implements and horses; and that, on the day before the hearing on the contempt proceeding, the appellee saw the tractor, one truck, the farming implements, "two teams" of horses, and about a dozen head of cattle at the premises of the appellant. Her testimony also disclosed that prior to the date of the original decree the appellant had been engaged in hauling cattle to New Orleans for sale, and in bringing back loads of apples for that purpose.

At the hearing the appellant testified that he had, in the meantime, paid out about $600 on the children in doctors' and hospital bills; and that someone had taken $200 out of his pocket on one occasion at his home. That there were four children, two of whom had remained in his custody; but he did not specify on which of them he spent the $600. The appellee claimed that only $35 had been paid out for a tonsillectomy on one of the children who had been in her custody. Moreover, the appellant offered no testimony as to what he had done with the 210 head of cattle, or as to how many he had on hand at the time of this hearing, or as to what other personal property he then owned.

We are of the opinion that under the rule as to what constitutes a prima facie case of contempt of court, as announced in the cases of Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712, and Collins v. Collins, 171 Miss. 891, 158 So. 914, we are not justified in disturbing the decree of the chancellor whereby the appellant was judged to be in contempt of court and committed to jail until he should have purged himself of contempt by paying the $1,000 then in arrears; nor the provisions of the

said decree reducing the allowance to $50 a month thereafter, and requiring the appellant to furnish security for the payment of the same. Whether he is able to furnish such security, and meet the $50 payments provided for in the decree here appealed from, is a matter which would have to be determined upon some future hearing, in the event he should again be cited for contempt for failure to do so.

The decree appealed from should, therefore, be affirmed.

Affirmed.