383 So.2d 827 (1980)
Betty Sue WALTERS (Young)
v.
Jerry D. WALTERS.
No. 51896.
Supreme Court of Mississippi.
May 14, 1980.
Patricia A. Champagne, Gulfport, for appellant.
Gaston H. Hewes, Jr., Gulfport, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
On December 16, 1978, the Chancery Court of Harrison County entered a decree *828 dismissing the petition for modification filed by Jerry D. Walters to secure custody of his 10-year-old son, Jerry Dwayne Walters, Jr., custody having been awarded to the child's mother, Betty Sue Walters in the final decree of divorce entered on March 25, 1974.
Betty Sue Walters (Young) had answered the petition for modification incorporating therein a petition for citation for contempt. She averred that, although Jerry D. Walters was able to make child support payments of $25 per week decreed against him in the decree of March 25, 1974, he had failed and refused to do so and was in arrears in the sum of $2,625.00.
In its decree of December 16, 1978, after dismissing the petition for modification filed by Jerry D. Walters, the court entered judgment against him for $3,350 for past-due child support, but refused to find him in contempt of court for failure to pay past-due child support and granted a stay of execution on the judgment "so long as the said Jerry D. Walters pays unto Betty Sue Walters Young the sum of $25.00 per month toward payment of said judgment." The court also decreed that Walters continue to pay Mrs. Walters (Young) the sum of $100 per month as child support as provided in the decree of March 25, 1974, and that Walters pay unto Mrs. Walters (Young) the sum of $350 as "her reasonable attorney fee incurred by this proceeding."
On appeal, appellant contends that:
I. The chancellor erred in not holding the appellee in contempt and in granting a stay of execution;
II. The chancellor erred in denying an increase in child support; and
III. The chancellor erred in awarding insufficient attorney's fees.
There is no merit in the second and third assignments of error. The appellant presented insufficient proof of a material change in circumstances to warrant any increase in child support. With reference to attorney's fees, only two witnesses testified at the hearing, the appellant and the appellee, and the record, including all pleadings and even some duplications of prior pleadings, consists of only 121 pages. We have consistently held that the chancellor has broad authority and discretion in setting appropriate attorney's fees and unless the chancellor is manifestly wrong we will not disturb his award of attorney's fees. Hartley v. Hartley, 317 So.2d 394 (Miss. 1975). The chancellor did not abuse his discretion in awarding $350 attorney's fees.
The testimony was conflicting as to why the appellee refused to pay child support payments after May 1976. Jerry testified that Betty called him in 1975 or 1976 and said that her present husband, Rex Gardner, was making enough money to support the child and that he did not have to send any more support payments. Betty denied making this statement, testifying that Jerry talked to her once about getting her present husband to adopt Dwayne and relieve him of support payments he could not afford. Jerry also testified that Betty never made any direct demands on him for the child support payments after he stopped paying them in 1976, and that if she had wanted him to make the payments she should have called him direct. She testified that she did not call him directly because of an unpleasant relationship between her and Jerry's present wife. She said that she told Jerry's brother and mother, with whom she had a close relationship, to tell Jerry that she needed the child support money.
A Petition for Citation for Contempt for failure to pay child support was filed on January 28, 1975, in the Chancery Court of Harrison County because Jerry lived in Gulfport, while Betty lived in Waynesboro. Apparently as a result of this, Walters continued to pay $25 per week child support until May 9, 1976. Since that date, he has only made three $25 payments even though he has gotten annual increases from his employer, Struthers-Wells, and is now making $6.51 an hour as a fitter-welder and takes home $222 per week net. Walters also testified that he earns for overtime, and also $30 per night as a musician. He testified that he had worked as a musician one night each week for seven weeks the *829 previous year. Walters admitted that he had made no child support payments since the filing of her Answer and another Petition for Citation for Contempt on May 2, 1978.
Walters has married again, has one child by his present wife, and has adopted her three children from a previous marriage. He owns a three-bedroom brick home in Gulfport to which he recently added a den and fireplace. He bought a new Ford LTD in 1977 on which he is making monthly payments.
Although it was a close question whether Walters was in contempt of court, the evidence was somewhat conflicting and we cannot say with certainty that the chancellor abused his discretion in not finding Walters in contempt of court for willfully refusing to make monthly child support payments.
The chancellor was in error in granting a stay of execution on the judgment for $3,350 past-due child support for "so long as he pays unto the said Betty Sue Walters Young the sum of $25.00 per month toward payment of such judgment." At this rate of payment it would take about 11 1/2 years to pay out the judgment which would extend beyond the time that Dwayne Walters reached his majority.
In the meantime, the appellant is being denied the right to attempt to collect the judgment through the normal collection processes, that is, writ of garnishment or writ of execution, or even the right to negotiate a mutually satisfactory plan of payment with the appellee.
The chancellor was also in error in not providing for the payment of 8% per annum interest on the past-due amount so adjudged on December 16, 1978.
Mississippi Code Annotated section 75-17-7 (1979 Supp.) provides in part:
"All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum."
The decree of the lower court is affirmed, except as to the stay of execution and the failure to provide for 8% per annum interest from December 16, 1978. In these two respects the decree is reversed, and judgment rendered here setting aside the stay of execution and adding 8% per annum interest from December 16, 1978, until the judgment is paid.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.