This is an appeal from the Chancery Court of Forrest County wherein Paula Leggett Duncan, petitioner/appellee, filed her petition for citation for contempt and petition to modify a previous divorce decree against her former husband, Clarence Grady Duncan, respondent/appellant. Clarence Duncan failed to file an answer to the petition or make an appearance. Therefore, the chancellor granted the relief prayed for in Paula Duncan's petition and also ordered Clarence Duncan confined to jail until all child support arrearage due at the time of the final decree was paid unto Paula Duncan.
The parties to this appeal were divorced on March 12, 1980, by a decree of the Chancery Court of Forrest County. Appellee was awarded custody of the parties' minor child with reasonable visitation rights granted to the appellant. The decree further provided that appellant pay unto appellee, through the chancery clerk's office, $150 per month as child support until the minor child reached twenty-one years of age, or married, or otherwise became emancipated.
On February 26, 1981, appellee filed a petition for citation for contempt and petition to modify the previous divorce decree as to visitation rights only. Appellee, in her petition, alleged that appellant was $450 in arrears.
Appellant was personally served with process but failed to answer appellee's petition. On May 14, 1981, the chancellor entered his decree adjudging appellant in contempt of court. Appellant was ordered confined to jail until he paid appellee $900 in delinquent child support payments as well as $200 in attorney's fees. Visitation rights were also modified somewhat. However, they are not at issue on appeal.
I. Did the chancellor err in committing appellant to jail?
Appellant contends the chancellor erred in confining him to jail because appellee failed to allege or offer proof to the effect that appellant was able to abide by the former decree of divorce.
In Collins v. Collins, 171 Miss. 891, 158 So. 914 (1935), this Court stated:
 The introduction of the decree ordering the appellant to pay a stipulated monthly sum for the support and maintenance of his child, together with proof that he had failed to comply with the decree, placed him prima facie in contempt of court, and devolved on him the burden of proving his inability to make the payments directed. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712. . . . (171 Miss. at 895, 158 So. at 915)
Where a party is unable to comply with a divorce decree, he should with reasonable promptitude, make the fact known to the court by proper petition and have the decree modified or suspended, and not wait until he has been cited for contempt. If a party fails to take this course of action, he will, in response to the citation for contempt, be required to make out a clear case of inability. Redding v. Redding, 167 Miss. 780,150 So. 780 (1933). The burden was on appellant to purge himself of the contempt by showing that he had complied with the decree, was unable to do so, or impossibility *Page 910 
of performance. Rainwater v. Rainwater, 236 Miss. 412,110 So.2d 608 (1959). There is no merit in this argument.
II. Did the chancellor err in ordering payment of delinquent child support in a sum greater than that alleged in appellee's petition?
Appellee filed her petition on February 2, 1981, alleging an arrearage of child support payments of $450. The final decree in the cause was entered May 14, 1981, and adjudicated appellant in arrearage in the amount of $900.
In Seymore v. Greater Mississippi Life Insurance Co.,362 So.2d 611 (Miss. 1978), we stated:
 The issues are framed, formed and bounded by the pleadings of the litigants. The Court is limited to the issues raised in the pleadings and the proof contained in the record. Judge Griffith, in his monumental work on Mississippi Chancery Practice, gave these sound reasons why it must be so:
 "Courts do not instigate or initiate civil litigation. They act only when called on for aid, and only in respect to that which is within the call. The potentiality of a court to consider and determine a given class of cases over which it has jurisdiction is made actual, in a particular case within that class, only when a party entitled to relief with respect thereto has applied to the court by his written pleading and even then his written application must state the facts upon which it is based or else it will still be ineffectual to actuate the court to grant any relief. The power of the court, then, will be exerted only upon, and will not move beyond, the scope of the cause as presented by the pleadings, for the pleadings are the means that the law has provided by which the parties may state to the court what it is they ask of the court and the facts upon which they ask it; and proof is received and is considered only as to those matters of fact that are put in issue by the pleadings, and never beyond or outside of them. If the rule were otherwise courts could become the originators instead of the settlers of litigious disputes, and parties would never know definitely what they will be required to meet or how to meet it." Griffith, Mississippi Chancery Practice (Second Edition 1950), § 564, pp. 586-87. (Emphasis added). In 89 C.J.S. Trial, § 633b, at page 464 (1955), we find this language:
 "The findings when compared with the pleadings must be within the issues and be responsive thereto, and must cover the material issues raised by the pleadings, and this is required whether or not evidence is introduced on such issues. It is improper to make findings outside the scope of the issues made by the pleadings; and where such findings are made, they are nugatory and cannot support conclusions of law or the judgment; they must be disregarded or treated as immaterial."
 76 Am.Jur.2d, Trial, § 1264, at page 215 (1975), says:
 "The findings of fact made by the court should respond to and be within the issues, and a finding outside the issues cannot be considered in determining whether the judgment is supported by the findings." (362 So.2d at 614-15) (emphasis ours).
Appellee is bound by her pleadings. The chancellor had no authority to award appellee a greater amount than that prayed for in her petition. Had appellee desired a judgment for the amount of child support in arrearage which had occurred between the filing of her petition for contempt and the entry of the final judgment, an amendment to her petition would have sufficed. However, this was not done and the chancellor was therefore confined to the amount alleged in her petition.
Because appellee prayed for only $450 in her petition and specific prayer for relief, the remaining $450 adjudicated by the decree to be owed by appellant for past-due child support payments is stricken therefrom as being outside the scope of the pleadings. However, this is not to say that appellee may not recover other monies due from appellant which become delinquent upon proper petition and showing to the court. *Page 911 
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.
PRATHER, J., took no part.