465 So.2d 1046 (1985)
Glenda Lazarus Gillespie BROWN
v.
Lee Edward GILLESPIE, Jr.
No. 55384.
Supreme Court of Mississippi.
March 6, 1985.
Patricia F. Dunmore, Sanders, Blackmon & Dunmore, Natchez, for appellant.
Claude Pintard, Jr., Riley, Pintard & Hall, Natchez, for appellee.
EN BANC.
ROY NOBLE LEE, Presiding Justice, for the Court:
On the 20th day of June, 1980, the Chancery Court of Adams County, Mississippi, *1047 rendered a final decree divorcing Glenda Lazarus Gillespie (Brown) from Lee Edward Gillespie, Jr., on the ground of habitual cruel and inhuman treatment. Both parents were found to be fit and suitable persons to have the custody of Jonathan Lee Gillespie, two-year-old child of the parties. However, custody was granted to the mother with the right of reasonable visitation on the part of the father. Gillespie also was ordered to pay $150.00 per month child support for the boy.
Approximately three and one-half (3 1/2) years later Brown filed a petition for contempt citation averring that Gillespie had made only one $150.00 payment on the support, was in default in the sum of five thousand eight hundred fifty dollars ($5,850), and was in contempt of the court. Gillespie filed an answer denying default and contempt. He further filed a cross-petition asking the court to set reasonable visitation with the child and reasonable times when the child could visit him.
The chancellor heard the cause and entered a decree on November 22, 1983, adjudicating (1) that Gillespie was in arrears for child support in the sum of five thousand thirty dollars ($5,030); (2) that he was not in willful contempt of the court; (3) that judgment be entered in favor of the appellant for $5,030.00, but that execution not issue on the judgment so long as Gillespie paid $150.00 per month plus $50.00 on the delinquent child support; (4) set visitation rights with the child. Brown has appealed to this Court and assigns five (5) errors in the trial below.

I.

THE CHANCERY COURT OF ADAMS COUNTY, MISSISSIPPI, ERRED BY ENTERING A JUDGMENT FOR AN AMOUNT WHICH WAS CLEARLY MATHEMATICALLY INCORRECT.
Appellant contends that the total arrearage was $5,850.00, appellee paid only $350.00 on support, and that the total amount due was $5,500.00.
When appellant took the witness stand, her attorney made the statement to the court that the amount in question "would just be a matter of mathematical computation, but it would be about $6,000." If the attorneys had stipulated the amount or had the court instructed the appellant's attorney to make the calculation and submit it to the opposing attorney for approval, and then entered the correct amount due in the record, the question here might be different. However, appellant's attorney asked her what had been paid and the amount then due. Appellant's answer was not direct. In order to clarify the question, the court inquired if it was in the area of $6,000, and she replied, "$5,080 I think."
Further in the direct examination, in order to fix the amount appellant claimed as owing, the following was asked her:
BY THE COURT: Was that before the $200.00 was paid?
A. That was before the $200.00 was paid, he paid $50.00, I guess, I suppose, on the back payments, which would make $50.00 off the $80.00, make it $5,030.00.
There was no testimony as to the amount in arrears by any person except appellant. She was vague and indefinite in her figures, but finally settled on the figure of $5,030.00. This Court will not hold the lower court in error for finding the exact amount in arrears as that to which appellant testified, there being no other direct evidence as to the amount due.

II.

THE CHANCERY COURT OF ADAMS COUNTY, MISSISSIPPI, ERRED BY REFUSING TO FIND THE RESPONDENT IN CONTEMPT.
The chancellor held that appellee was not in willful contempt of the court. Appellant argues that the appellee was in contempt as a matter of law when he failed to sustain his burden of purging himself of contempt and showing clearly that he complied with the decree or was unable to do so. In Duncan v. Duncan, 417 So.2d 908 (Miss. 1982), the Court stated:

*1048 Where a party is unable to comply with a divorce decree, he should with reasonable promptitude, make the fact known to the court by proper petition and have the decree modified or suspended, and not wait until he has been cited for contempt. If a party fails to take this course of action, he will, in response to the citation for contempt, be required to make out a clear case of inability. Redding v. Redding, 167 Miss. 780, 150 So. 776 (1933). The burden was on appellant to purge himself of the contempt by showing that he had complied with the decree, was unable to do so, or impossibility of performance. Rainwater v. Rainwater, 236 Miss. 412, 110 So.2d 608 (1959).
417 So.2d 909-910. In the case of Collins v. Collins, 171 Miss. 891, 158 So. 914 (1935), the Court stated:
The introduction of the decree ordering the appellant to pay a stipulated monthly sum for the support and maintenance of his child, together with proof that he had failed to comply with the decree, placed him prima facie in contempt of court, and devolved on him the burden of proving his inability to make the payments directed. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712.
171 Miss. at 895, 158 So. at 915.
In the case of Walters v. Walters, 383 So.2d 827 (Miss. 1980), the defendant had not paid child support for approximately two years. The defendant apparently was able to pay support. The Court stated:
Although it was a close question whether Walters was in contempt of court, the evidence was somewhat conflicting and we cannot say with certainty that the chancellor abused his discretion in not finding Walters in contempt of court for willfully refusing to make monthly child support payments.
383 So.2d at 829.
Appellee testified in his own behalf and neither his own counsel nor appellant's counsel asked him anything about his financial ability, or the reason he had failed to make the support payments. Evidently, after observing the appellee and his demeanor on the witness stand, the chancellor was convinced that appellee was not contemptuous of the court, even though he had not paid the support. With the skimpy, undeveloped record before us, we cannot say that the lower court erred in holding appellant not to be in willful contempt. At any rate, under the facts, assuming that appellee, technically, was in contempt, the chancellor gave him an opportunity to purge such contempt by paying $50.00 per month on the judgment rendered. The chancery court may find a person in contempt and still decline to incarcerate him. We do not reverse the chancellor on this technical assignment.

III.

THE CHANCERY COURT OF ADAMS COUNTY, MISSISSIPPI, ERRED BY ALLOWING THE RESPONDENT A STAY OF EXECUTION ON THE JUDGMENT AND NEGLECTING TO ADD STATUTORY INTEREST.
The lower court ordered that execution on the $5,030 judgment entered in favor of appellant be stayed so long as the defendant paid $50.00 per month on the judgment. At that rate, the judgment would not be paid in full for approximately eight (8) years, and, in computing eight percent (8%) interest, which is fixed by law, a longer period of time would be required. This question has been decided in Walters v. Walters, supra, where the Court stated:
The chancellor was in error in granting a stay of execution on the judgment for $3,350 past-due child support for "so long as he pays unto the said Betty Sue Walters Young the sum of $25.00 per month toward payment of such judgment." At this rate of payment it would take about 11 1/2 years to pay out the judgment which would extend beyond the time that Dwayne Walters reached his majority.
In the meantime, the appellant is being denied the right to attempt to collect the judgment through the normal collection *1049 processes, that is, writ of garnishment or writ of execution, or even the right to negotiate a mutually satisfactory plan of payment with the appellee.
The chancellor was also in error in not providing for the payment of 8% per annum interest on the past due amount so adjudged on December 16, 1978.
Mississippi Code Annotated § 75-17-7 (1979 Supp.) provides in part: "All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum."
383 So.2d at 829.
The lower court erred in ordering a stay of execution on the judgment and his action in so doing is reversed and judgment is rendered here voiding the stay of execution.

IV.

THE MODIFIED DECREE ENTERED BY THE CHANCERY COURT OF ADAMS COUNTY ON NOVEMBER 22, 1983, IS RES JUDICATA ON THE DECREE ENTERED ON JULY 10, 1980.

V.

THE LOWER COURT WAS IN ERROR IN MODIFYING THE ORIGINAL DIVORCE DECREE TO CHANGE VISITATION RIGHTS WHEN AT THE SAME TIME FORMER HUSBAND WAS FOUND TO BE IN ARREARAGE OF CHILD SUPPORT PAYMENTS AND WAS NOT IN COURT WITH CLEAN HANDS.
Under these two assignments of error, appellant contends that the July 10, 1980, divorce decree granting appellee reasonable visitation rights still prevails; that the Court erred in modifying the original decree to change visitation rights; that appellee did not come into court with clean hands; and that granting specific visitation rights violated the clean hands doctrine.
Evidently, there is no way the parents of this almost seven-year-old child can agree upon reasonable visitation rights. The lower court did all it could for the appellant in granting her a judgment in the sum of $5,030, except to exact a pound of flesh from the appellee by incarcerating him. Appellee was at fault, but appellant also was partly to blame for not seeking aid of the court over a 3 1/2 year period to enforce the payment of child support. Both parties are to blame, insofar as the father's visitation rights with the child are concerned.
The appellee filed an instrument designated "Petition for Reasonable Visitation Rights." The two charging parts of the petition follow:
1.
This Court, on the 10th day of June, 1980, entered a Decree providing among other things custody for Jonathan Lee Gillespie to be in the care, custody and control of his mother, Glenda Lazarus Gillespie, with the right of the Defendant, Lee Edward Gillespie, Jr., to have any and all reasonable rights of visitation.
2.
Your Petitioner would show that this right of visitation be more definitively established by further Decree of this Court.
We view this instrument not as a petition for modification of the original decree, but for the court to define the term "reasonable visitation rights." In a situation where the parents cannot agree on visitation rights (and they seldom do, as in the record before this Court), such rights must be defined and fixed. Otherwise, divorced or estranged parents of a child, would exceed lawful bounds, and probably, chaos would result. We have reviewed the definitions and limitations placed on visitation rights by the chancellor, and are of the opinion that they are fair and reasonable as to both parents and the seven-year-old boy.
The judgment of the lower court is affirmed as to all parts, except the stay of execution, and is reversed and rendered thereasto.
*1050 AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., concurs in part and dissents in part.
DAN M. LEE, Justice, concurring in part and dissenting in part:
I concur on all points except that part of Assignment No. III that reverses the chancellor as to a stay of execution, provided the appellant pay $50.00 per month on the arrearage. In Walters v. Walters, 383 So.2d 827 (Miss. 1980), cited by the majority, there is no question of Walters' ability to pay back child support. I would dissent on this narrow issue only.