475 So.2d 1154 (1985)
Karen W. PEEPLES
v.
William Stephen YARBROUGH.
No. 55674.
Supreme Court of Mississippi.
September 4, 1985.
*1155 Joe Lee Tennyson, Charleston, for appellant.
D. Donald Musgrove, Smith & Musgrove, Batesville, for appellee.
Before WALKER, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This appeal raises two issues: (1) a pleading procedure inquiry of whether an answer is necessary on a contempt citation and (2) the propriety of restrictions on garnishment rights. Mrs. Karen W. Peeples filed a "motion" for contempt citation for non-payment of child support against her ex-husband, William Stephen Yarbrough. The Chancery Court of Yalobusha County granted Mrs. Peeples a monetary judgment, but declined incarceration of the defendant father. The court did, however, place restrictions on the mother's legal rights to garnishment of the father's wages, which order gave rise to this appeal.
Appellant, Karen Peeples, appeals and assigns as error the following:
(1) The court erred in allowing counsel for appellee to assert ore tenus, affirmative defenses on the morning of the hearing.
(2) The court erred in continually and consistently refusing to grant unto appellant any relief from appellee's continual and consistent acts of contempt in flaunting and disregarding the orders of the court.
(3) The court erred in unduly restricting appellant in the execution of the judgment granted to her by threatening inter alia to reduce the court ordered sum of child support by the amount obtained through garnishment on the wages of appellee.

I.
Karen W. Peeples and William Stephen Yarbrough were divorced in August, 1981, through a joint bill of divorce. Mr. Yarbrough was originally ordered to pay $150 per month for the support of two children. Subsequently, Mr. Yarbrough was held in contempt on five separate occasions from June, 1982, through December, 1982, for failing to make his child support payments.
The case sub judice is an appeal taken from a sixth hearing, held in August, 1983, to determine whether Mr. Yarbrough should once again be held in contempt of court.
At the hearing on the motion for citation for contempt and modification of decree, Yarbrough filed no responsive pleading, but instead, appeared with counsel to defend. Yarbrough was allowed to ore tenus categorically deny the relief sought. After Yarbrough's verbal denial, Peeples moved for judgment on the pleadings on the basis that her motion had not been denied in writing. The motion for judgment on the pleadings was overruled.
Next, Peeples contended that Yarbrough had made only a categorical denial and thus could not assert any affirmative defenses. But Yarbrough was allowed to amend his ore tenus response and assert verbally the affirmative defense of "inability to pay." Mr. Yarbrough testified concerning his declining financial condition; he has remarried and now has three stepchildren. Yarbrough testified that he had experienced difficulty in finding employment and consequently had been unable to make his child support payments. However, *1156 since Yarbrough started working in April of 1983, he had made timely payments of $150 for current child support and $50 for past child support. Yarbrough made those payments up until August, 1983, the hearing date.
In reaching his decision the chancellor acknowledged the difficulty Mr. Yarbrough had encountered in finding a job and recognized that since Mr. Yarbrough had been employed he had made regular payments of current and past due child support.
The chancellor's order gave Mrs. Peeples a judgment for $1,769.50 in past child support. In addition, the chancellor ordered Mr. Yarbrough to continue paying $150 current monthly child support and an additional $50 toward the retirement of the judgment. The order specified, however, that if Mrs. Peeples sought to levy on the judgment by filing for garnishment, Mr. Yarbrough would only be required to pay, in child support, the difference between what the garnishment produced and two hundred dollars.

II.
Did the court err in allowing counsel for appellee to assert ore tenus, affirmative defenses on the morning of the hearing?
The style of the pleading before us is "motion" for citation for contempt. This nomenclature is permitted for the substantive relief of non-support contempt citation in domestic relations cases under our present Mississippi Rules of Civil Procedure 81(d). MRCP 81(d) uses the terminology of "complaints, petitions, or motions." Some confusion has arisen from the use of the term "motion" in this type of action where there is a hearing on the merits, as is true here. The confusion arises from the definition of a motion in chancery practice as defined in Griffith's Mississippi Chancery Practice. Motion practice consists of "a short and succinct proposal or suggestion bringing an interlocutory matter to the attention of the court for its action." Griffith, Mississippi Chancery Practice § 400, at 389 (1950). Generally, a motion suggests a subject to the court in the progress of a case which requires an interlocutory rule or order. Griffith, supra. "No written response to a motion or to its supporting affidavits is necessary." Griffith, supra, § 407, at 396 (1950).
This confusion has been eliminated by a recent amendment to Rule 81.[1]
In the case sub judice, the chancellor looked through the technical labels and *1157 terminology of this pleading to its substance and applied the procedure dictated by Griffith to contempt proceedings:
Procedure in contempt.  When a party has been commanded by a decree or order personally to do or refrain from doing a specified act and he disobeys the mandate, the practice is to file in the cause a motion supported by affidavit, or preferably a verified petition, clearly *1158 stating the facts, and if filed by a private party that the party has been injured, and how, by the acts constituting the alleged contempt, unless the injury sufficiently appears within the facts of the principal statement; upon which, if sufficient, a rule will be granted by the chancellor, under which a citation will be issued by the clerk, notifying the alleged contemnor to appear at a reasonable time and place, as fixed in the rule granted, to show cause why he should not be adjudged in contempt. When the alleged contemnor appears he must do so by sworn answer, or else he must tender himself personally for examination. If he do neither the petition will be taken as confessed. He may not appear simply by solicitor and raise technical questions; ...
Griffith, supra, § 667, at 735 (1950).
Therefore, it was not necessary that the answer be in writing. The chancellor acted properly in permitting an oral dictation of the defendant's answer into the record and requiring that it be reduced to writing for appeal purposes. This Court does not have before it the issue of a request for thirty days time within which to file an answer under MRCP Rule 12. That situation is not addressed in this opinion.
Additionally, appellant asserts that it was improper to permit defendant to amend and allow the affirmative defense of inability to pay. Such a defense is proper in a contempt case. Griffith, supra, § 669, at 668.
Rule 15 of the Mississippi Rules of Civil Procedure states in part, "[O]therwise a party may amend his pleadings only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires." [Emphasis added].
Likewise, Miss. Code Ann. § 11-5-53 (1972) states, "Amendment shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice." A recent Mississippi case construing Miss. Code Ann. § 11-5-53 (1972) held, "[I]t is a familiar rule that amendments to pleadings are liberally allowed and ... pleadings may be reformed to conform to the proof." Deposit Guaranty National Bank v. Biglane, et al, 427 So.2d 945, 950 (Miss. 1983). In the Biglane opinion this Court stated: "The matter is properly addressed to the discretion of the chancellor." Id.
The chancellor in the case sub judice was clearly exercising his discretion and, in this Court's opinion, was not in error in permitting an ore tenus dictation into the record of the defendant's response which contained a proper affirmative defense.

III.
Did the court err in continually and consistently refusing to grant unto appellant any relief from appellee's continual and consistent acts of contempt in flaunting and disregarding the orders of the court?
Appellant, under her second assignment of error, seeks redress for a course of conduct occurring prior to the hearing from which this appeal was taken. In making reference to the five previous contempt orders issued against appellee, appellant contends the chancery court had a duty to grant appellant relief by incarceration of the defendant. The chancery court may find a person in contempt but still decline to incarcerate the contemner. Brown v. Gillespie, 465 So.2d 1046 (Miss. 1985).
This Court affirms the chancellor's action in this regard since the trial court was within its discretion.

IV.
Did the court err in unduly restricting appellant in the execution of the judgment granted to her by threatening inter alia to reduce the court ordered sum of child support by the amount obtained through garnishment on the wages of appellee?
Under the order appellant was to receive a total of $200 per month. One hundred fifty dollars was to be for current child support and $50 was to be for an installment payment toward the retirement of the $1,769.50 judgment. The order stated that *1159 if Mrs. Peeples chose to use garnishment to collect the $1,769.50 judgment, the amount of child support would be decreased by an amount so that Mr. Yarbrough would only have to pay monthly, in child support, the difference between what the garnishment produced and two hundred dollars. The chancellor structured this solution so that Mr. Yarbrough's income would be reduced by $200 per month. The chancellor thought $200 was the amount Mr. Yarbrough could reasonably afford to pay and that requiring him to pay more would only make the situation worse than it already was.
However, the question of law in this situation should be whether the chancellor abused his discretion in circumventing Mrs. Peeples statutory right to use garnishment. Under the statutes governing practice in the chancery courts, Miss. Code Ann. § 11-5-81, (1972) provides:
Whenever the court shall render an order, judgment, or decree for the payment of money against any executor, administrator, or guardian, or any other party litigant therein, a compliance with such order, judgment or decree may be enforced by process of fieri facias or garnishment.
See also Miss. Code Ann. § 11-35-1 (1972), garnishment statutes generally, and MRCP 69, Execution.
The order sub judice does not directly prohibit Mrs. Peeples from using garnishment, but its effect works indirectly to accomplish a restriction on her legal right to do so.
This Court has recently reversed the imposition of a stay of execution upon a legally obtained judgment in Brown v. Gillespie, supra. In Walters v. Walters, 383 So.2d 827, 829 (Miss. 1980), this Court recognized a similar prohibition to be inappropriate stating that:
[T]he appellant is being denied the right to attempt to collect the judgment through the normal collection processes, that is, writ of garnishment or writ of execution, or even the right to negotiate a mutually satisfactory plan of payment with the appellee.
Therefore, this Court reverses as manifest error that portion of the order relating to the appellant's right to pursue enforcement of her judgment and this Court renders the question by voiding that provision. The order remains in effect ordering appellee to pay $150.00 current child support and $50.00 toward the arrearage judgment.
AFFIRMED IN PART AND REVERSED IN PART.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] By order of the court dated July 17, 1985, the following amendment to MRCP 81 will be effective on January 1, 1986:

RULE 81
APPLICABILITY OF RULES
(a) Applicability in General. These rules apply to all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures.
(1) proceedings pertaining to the writ of habeas corpus;
(2) proceedings pertaining to the disciplining of an attorney;
(3) proceedings pursuant to the Youth Court Law and the Family Court Law;
(4) proceedings pertaining to election contests;
(5) proceedings pertaining to bond validations;
(6) proceedings pertaining to the adjudication, commitment, and release of narcotics and alcohol addicts and persons in need of mental treatment;
(7) eminent domain proceedings;
(8) Title 91 of the Mississippi Code of 1972;
(9) Title 93 of the Mississippi Code of 1972;
(10) creation and maintenance of drainage and water management districts;
(11) creation of and change in boundaries of municipalities;
(12) proceedings brought under sections 9-5-103, 11-1-23, 11-1-29, 11-1-31, 11-1-33, 11-1-35, 11-1-43, 11-1-45, 11-1-47, 11-1-49, 11-5-151 through 11-5-167, and 11-17-33, Mississippi Code of 1972.
Statutory procedures specifically provided for each of the above proceedings shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply.
(b) Summary Proceedings. In ex parte matters where no notice is required proceedings shall be as summary as the pertinent statutes contemplate.
(c) Publication of Summons or Notice. Whenever a statute requires summons or notice by publication, service in accordance with the methods provided in Rule 4 shall be taken to satisfy the requirements of such statute.
(d) Procedure in Certain Actions and Matters. The special rules of procedure set forth in this paragraph shall apply to the actions and matters enumerated in subparagraphs (1) and (2) hereof and shall control to the extent they may be in conflict with any other provision of these rules.
(1) The following actions and matters shall be triable 30 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to-wit: adoption; correction of birth certificate; alteration of name; termination of parental rights; paternity; legitimation; uniform reciprocal enforcement of support; determination of heirship; partition; probate of will in solemn form; caveat against probate of will; will contest; will construction; child custody actions; child support actions; and establishment of grandparents' visitation.
(2) The following actions and matters shall be triable 7 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to-wit: removal of disabilities of minority; temporary relief in divorce, separate maintenance, child custody, or child support matters; modification or enforcement of custody, support, and alimony judgments; contempt; and estate matters and wards' business in which notice is required but the time for notice is not prescribed by statute or by subparagraph (1) above.
(3) Complaints and petitions filed in the actions and matters enumerated in subparagraphs (1) and (2) above shall not be taken as confessed.
(4) No answer shall be required in any action or matter enumerated in subparagraphs (1) and (2) above but any defendant or respondent may file an answer or other pleading or the court may require an answer if it deems it necessary to properly develop the issues. A party who fails to file an answer after being required so to do shall not be permitted to present evidence on his behalf.
(5) Upon the filing of any action or matter listed in subparagraphs (1) and (2) above, summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard. Said time and place shall be set by special order, general order or rule of the court. If such action or matter is not heard on the day set for hearing, it may by order entered on that day be continued to a later day for hearing without additional summons on the defendant or respondent. The court may by order or rule authorize its clerk to set such actions or matters for original hearing and to continue the same for hearing on a later date.
(6) Rule 5(b) notice shall be sufficient as to any temporary hearing in a pending divorce, separate maintenance, custody or support action provided the defendant has been summoned to answer the original complaint.
(e) Proceedings Modified. The forms of relief formerly obtainable under writs of fieri facias, scire facias, mandamus, error coram nobis, error coram vobis, sequestration, prohibition, quo warranto, writs in the nature of quo warranto, and all other writs, shall be obtained by motions or actions seeking such relief.
(f) Terminology of Statutes. In applying these rules to any proceedings to which they are applicable, the terminology of any statute which also applies shall, if inconsistent with these rules, be taken to mean the analogous device or procedure proper under these rules; thus (and these examples are intended in no way to limit the applicability of this general statement):
Bill of complaint, bill in equity, bill, or declaration shall mean a complaint as specified in these rules;
Plea in abatement shall mean motion;
Demurrer shall be understood to mean motion to strike as set out in Rule 12(f);
Plea shall mean motion or answer, whichever is appropriate under these rules;
Plea of set-off or set-off shall be understood to mean a permissible counterclaim;
Plea of recoupment or recoupment shall refer to a compulsory counterclaim;
Cross-bill shall be understood to refer to a counter-claim, or a cross-claim, whichever is appropriate under these rules;
Revivor, revive, or revived, used with reference to actions, shall refer to the substitution procedure stated in Rule 25;
Decree pro confesso shall be understood to mean entry of default as provided in Rule 55;
Decree shall mean a judgment, as defined in Rule 54;
(g) Procedure Not Specifically Prescribed. When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Mississippi, these rules, or any applicable statute.
(h) Statutes Affected. To the extent that the statutes listed in Appendix B of these rules prescribe rules of civil practice or procedure, such statutory rules shall be supplanted by these Mississippi Rules of Civil Procedure in all courts subject to these rules in all actions not excepted by these rules.