537 So.2d 886 (1989)
Myrna GUTHRIE (Hinton)
v.
Aaron GUTHRIE.
No. 58281.
Supreme Court of Mississippi.
January 18, 1989.
Nancy J. Beck, Jackson, for appellant.
J. Edward Rainer, Rainer, Hyche & Toney, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Myrna Guthrie Hinton (Myrna), joined by her daughters, Cynthia Elaine Guthrie (Cynthia) and Donna Jo Guthrie (Donna Jo), filed an action in the Chancery Court of Rankin County, Mississippi, entitled Motion for Citation for Contempt, praying that the court find Aaron Guthrie in contempt because of his failure and refusal to pay child support for the daughters and for judgment against Aaron Guthrie for delinquent child support. At the conclusion of the plaintiffs' evidence, the court held that the proof was not sufficiently definite and dismissed the action. The claim relating to support for Cynthia was previously dismissed as barred by the statute of limitations. Myrna and Donna Jo have appealed to this Court and assign two errors in the trial below.

Facts
Myrna and Aaron were divorced on September 18, 1962. Myrna was awarded custody of the two children of the marriage, i.e., Cynthia Elaine Guthrie, born December 25, 1957, and Donna Jo Guthrie, born October 12, 1960. Aaron was ordered to pay Myrna fifty dollars ($50.00) per month per child beginning February 1, 1962. The child support was to be paid until such time as each child reached majority, married, or otherwise became emancipated.
On March 4, 1968, Myrna filed a motion for citation for contempt against Aaron alleging that child support was in arrears in the amount of $3,600 as of March 1, 1968. A hearing was set for April, 1968, and a non-resident summons was issued for Aaron, who was living in the State of Oregon at that time. There was no proof that Aaron received the summons, and there was no hearing on the petition and no action taken thereon.
Eighteen (18) years elapsed from the filing of the first motion for contempt, and then, on November 26, 1986, a second petition for citation for contempt was filed by Myrna and her daughters, Cynthia and Donna Jo. The lower court granted Aaron's motion to dismiss the action as to *887 Cynthia, since she was more than 28 years old at the time of filing, and the statute of limitations barred her action. Miss. Code Ann. § 15-1-59 (1972). Aaron's answer admitted the terms of the divorce decree and support order, but denied that he had wilfully and intentionally refused to pay child support.
Trial was held on June 16, 1987. Attached to the motion for contempt was an intemized statement of the delinquent child support for Donna Jo. According to it, Aaron was delinquent in the amount of forty-one thousand two hundred seven dollars forty cents ($41,270.40) support and interest. Myrna, Donna Jo and Myra Janelle Donald (Myrna's sister) testified for the appellants. The proof reflected that Aaron had made only three (3) payments for Donna Jo over the years; that Myrna had contacted Aaron through the years seeking the support payments; and that he refused to make them. Further, the proof indicated that Aaron sent Donna Jo a money order for one hundred dollars ($100.00) or possibly three hundred dollars ($300.00) while she was a student at Hinds Jr. College. After the appellant rested, Aaron moved the court to dismiss the motion for contempt and judgment on the ground that there had been no evidence as to the amount then due from him. The lower court granted the motion and its opinion follows in part:
Although the defendant did not testify, plaintiff admits that some amounts were paid by the defendant to Myrna; and Myrna admitted same in her testimony. There was no testimony from either Myrna or Donna as to the amount owed to them or either of them by Aaron. There was no testimony as to any other relief sought by any of the plaintiffs. This Court believes that under any rules, laws, or maxims laid down by the Supreme Court of this state or set out in any uniform rules or treatises the defendant in any case wherein he is sued is entitled to know by proof of amount how much is demanded of him. Pleadings in any court have never been proof or taken as evidence of any charge or demand. Therefore, this Court believes it is incumbent upon plaintiff, and, in fact, required that plaintiff testify and place in proof any amount that's owed to such plaintiff, so that the court can make its decision of the amount of judgment due.
In the case at bar, plaintiff was seeking a judgment in an amount and also requesting the court to place Aaron in jail until he has purged himself of such contempt for the non-payment of such judgment. It is impossible for the court in this case to make a fair and accurate determination of the amount owed to plaintiff and certainly then to place the defendant in jail until he has paid same.

Law
The two assigned errors simply present the question of whether or not the lower court erred in dismissing the action.
Appellants contend that this Court should treat a contempt/child support action as an action on open account. We reject that contention and argument. In Peeples v. Yarbrough, 475 So.2d 1154 (Miss. 1985), the Court quoted Griffith's Mississippi Chancery Practice § 667, at 735 (1950), as follows:
Procedure in contempt.  When a party has been commanded by decree or order personally to do or refrain from doing a specified act and he disobeys the mandate, the practice is to file in the cause a motion supported by affidavit, or preferably a verified petition, clearly stating the facts, and if filed by a private party that the party has been injured, and how, by the acts constituting the alleged contempt, unless the injury sufficiently appears within the facts of the principal statement; upon which, if sufficient, a rule will be granted by the chancellor, under which a citation will be issued by the clerk, notifying the alleging contemnor to appear at a reasonable time and place, as fixed in the rule granted, to show cause why he should not be adjudged in contempt. When the alleged contemnor appears, he must do so by sworn answer, or else he must tender himself personally for examination. If he do neither, the petition will be taken *888 as confessed. He may not appear simply by solicitor and raise technical questions... .
475 So.2d at 1157-58. See also MRCP 81(d).
Brown v. Gillespie, 465 So.2d 1046, 1047 (Miss. 1985), involved a contempt citation and action for child support. The Court said:
Further in the direct examination, in order to fix the amount appellant claimed as owing, the following was asked her:
BY THE COURT: Was that before the $200.00 was paid?
A. That was before the $200.00 was paid, he paid $50.00, I guess, I suppose, on the back payments, which would make $50.00 off the $80.00, make it $5,030.00.
There was no testimony as to the amount in arrears by any person except appellant. She was vague and indefinite in her figures, but finally settled on the figure of $5,030.00. This Court will not hold the lower court in error for finding the exact amount in arrears as that to which appellant testified, there being no other direct evidence as to the amount due.
465 So.2d at 1047.
We are of the opinion that the learned chancellor was in error when he dismissed the action for support. The proof reflected the amount which Aaron was required to pay under the court decree, and that no more than three (3) payments and $100.00 to $300.00 had been paid. The amount of the accrued judgment only required a mathematical computation by the attorney(s) and had already been computed and exhibited to the motion. We are of the opinion that the evidence sufficiently made out a prima facie case for delinquent support against Aaron.[1]
While the Court has held that the introduction of the decree ordering a defendant to pay a stipulated monthly sum for the support and maintenance of his child, together with proof that he had failed to comply with the decree, placed him prima facie in contempt of court, under the facts of this case, where the appellants waited eighteen (18) years before taking any action for contempt or for collection of support from appellee Aaron, we cannot say that the lower court erred in holding that Aaron was not in willful contempt. See Brown v. Gillespie, supra, at 1048.
The judgment of the lower court is affirmed on the holding that appellee was not in willful contempt of the court and is reversed and remanded for a full trial on the question and amount of delinquent support.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Aaron was present before the court and could have been examined by counsel for the appellants.