PROCEDURAL HISTORY
PAYNE, J.,
for the Court:
¶ 1. Douglas Alan Caudill filed a petition for divorce based upon habitual cruel and inhuman treatment. Janet Lynn Caudill filed an answer and brought her own suit for separate maintenance. Douglas’s complaint was dismissed, and he was ordered by the chancellor of Jackson County to make weekly separate maintenance pay- *408 merits to Janet and to provide health insurance for her. Janet filed a contempt motion on December 18,1998, alleging that Douglas had ceased to make weekly maintenance payments as of November 9, 1998, and failed to supply health insurance as ordered. Douglas filed a pro se answer describing his financial condition, employment status, and the fact that he has custody of his two minor children from a previous marriage. Douglas was found in contempt, and the chancellor refused to consider a reduction in maintenance payments because Douglas had failed to properly request a reduction in his pleading. Aggrieved by the court’s ruling, Douglas perfected this appeal. Finding no merit in his claim, this Court now affirms the ruling of the Jackson County Chancery Court.
FACTS
¶ 2. Douglas made weekly payments to Janet as ordered by the court in February 1998 until he was terminated from his job in November 1998. He claims that a deciding factor in his termination was that Janet made a large number of harassing phone calls to him at his place of employment. Douglas claims he notified Janet by mail that he had been terminated and would be unable to make maintenance payments until he secured other employment. He claims that he had no funds with which to retain an attorney to petition the court for a reduction in maintenance payments. When stated by the chancellor that “there is no petition to relieve you of paying this [separate maintenance],” Douglas attempted to tell the chancellor that he did address such relief in his answer. The chancellor told Douglas that he “needed to have filed a counterclaim asking for affirmative relief.” Douglas also stated that while he had recently obtained new employment, his rate of pay was over one-third less than his previous earnings rate.
ISSUE PRESENTED
STANDARD OF REVIEW
¶ 3. Douglas made the following assignment of error:
THE CHANCELLOR ERRED WHEN HE REFUSED TO CONSIDER APPELLANT’S PEO SE ANSWER TO MOTION FOR CONTEMPT AS A COUNTERCLAIM FOR A REDUCTION IN SEPARATE MAINTENANCE PAYMENTS.
We will not disturb a chancellor’s determination when supported by findings of fact absent manifest error or an abuse of discretion. Keough v. Keough, 742 So.2d 781, 782 (Miss.Ct.App.1999).
DISCUSSION OF ISSUE
¶ 4. Douglas argues that pro se complaints are held “to less stringent standards than formal pleadings drafted by lawyers,” McFadden v. State, 580 So.2d 1210, 1214 (Miss.1991), and that a meritorious complaint may not be lost because it is inartfully drafted. He points specifically to paragraph 4 of his answer in which Douglas stated that he was “unemployed at this time and without funds to hire an attorney,” and that he and his minor children were destitute due to his unemployment. Douglas requested the court to “dismiss Janet Lynn Caudill’s motion in its entirety.” He claims that he was clearly seeking the court’s action concerning the maintenance payments due to his financial condition. In paragraph 11 of his answer, Douglas asked that Janet “bear the cost of her attorney’s fees and personal maintenance and not be rewarded for offering perjured testimony and terrorizing Douglas Alan Caudill and his family.”
¶ 5. In West v. Combs, 642 So.2d 917 (Miss.1994), an inmate filed a petition in replevin for property confiscated by a prison guard. The guard answered that the *409 inmate had not properly pled that the property was in the guard’s possession. The trial court determined that the inmate was seeking relief for a wrongful conversion rather than an action in replevin. The supreme court agreed with the trial court and stated, “[t]his court has held that a court looks to the content of the pleading to determine the nature of the action.... Substance is considered over form.” West, 642 So.2d at 920 (citations omitted). Douglas argues that the chancellor should have looked to the content of his answer to determine what relief he was seeking from the court, and asks that this matter be remanded for consideration of his request for relief.
¶ 6. Janet contends that while pro se litigants are not held to the same standards as attorneys for drafting pleadings, Douglas still had to request a reduction in separate maintenance either by filing a written request or by motion ore tenus. Janet argues that Douglas apparently pled inability to pay in an attempt to avoid incarceration. He did not, however, make an affirmative request for an abeyance or reduction in separate maintenance. Janet cites Kennedy v. Kennedy, 650 So.2d 1362, 1366 (Miss.1995), which states, “[i]f the party in a contempt raises the inability to pay as a defense, the contemnor must shoulder the burden of proving his inability to pay, and this proof must be established with particularity and not in general terms.” Janet then states that Douglas met this burden as the trial judge found Douglas in arrears but did not incarcerate him. Janet next contends that Douglas could have requested to amend his pleadings, but did not do so. She also contends that it is proper for a chancellor to allow an amendment to a pleading by motion ore tenus. Janet cites Peeples v. Yarbrough, 475 So.2d 1154, 1158 (Miss.1985), which states, “[t]he chancellor ... was exercising his discretion ... and was not in error in permitting an ore tenus dictation into the record of the defendant’s response which contained a proper affirmative defense.”
¶ 7. Janet argues that the chancellor did not abuse his discretion or commit manifest error in refusing to consider Douglas’s pleading as a request for relief when no request was specifically made for a reduction of separate maintenance. She claims that the court did look to the content of Douglas’s pleading to determine what relief he desired. Janet’s claim is that Douglas sought to avoid incarceration due to his contempt, the court determined this to be Douglas’s goal, and Douglas was successful in attaining that goal.
CONCLUSION
¶ 8. While it is true that a pro se litigant may not be held to the same standard in drafting his pleadings as an attorney, the chancellor is not held to the task of mind reader. If the chancellor is not able to determine a request for relief from the pleadings, he may not grant such relief. Douglas did not make a specific request for a reduction in separate maintenance and did not amend his pleadings to include such request. The chancellor did not abuse his discretion or commit manifest error in refusing to consider Douglas’s pro se answer as a counterclaim for a reduction in his obligation. Therefore, the ruling of the Jackson County Chancery Court is affirmed.
¶ 9. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, *410 THOMAS, LEE, IRVING, and CHANDLER, JJ„ concur. MYERS, J., not participating.