317 So.2d 394 (1975)
Mae Alene Rish HARTLEY
v.
Clyde Allen HARTLEY.
No. 48193.
Supreme Court of Mississippi.
August 11, 1975.
Sekul, Hornsby & Wallace, Biloxi, for appellant.
Strickland & Owen, Gulfport, for appellee.
Before RODGERS, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice.
Mrs. Mae Alene Rish Hartley appeals from a decree of the Chancery Court of the First Judicial District of Harrison County, Mississippi, reducing the child support payments for her thirteen-year-old son from $200 a month to $170 per month, and allowing $200 attorney's fees to be paid by Clyde Allen Hartley toward her attorney's fees.
She contends that since a material change of circumstances was not proved, that the monthly allowance for child support should not have been reduced. She also contends that the allowance of $200 toward her attorney's fees was totally inadequate.
*395 The final decree awarding Hartley a divorce and ordering the payment of child support was rendered July 24, 1972. The petition to modify was filed on November 27, 1973.
In the final decree of July 24, 1972, the Chancellor found, among other things:
"6. The parties have effected a property settlement agreement between themselves which property settlement agreement is hereby now incorporated in this Decree and made a part of the same [and] is binding on both the Complainant and the Defendant.
a. The Complainant agrees to pay unto the Defendant for the support and maintenance of their minor child the sum of $200.00 per month child support, and to further furnish said child with a college education as long as the child remains in college and maintains passing grades. The Complainant further agrees to pay any and all medical bills incurred by said child.
......
d. The Complainant agrees, binds and obligates himself to pay the monthly house payments due on the home conveyed unto the defendant until DAVID becomes of age, or until the Defendant remarries at which time the Defendant shall make the house payments due thereon.
e. The Complainant agrees, binds and obligates himself to pay unto the Defendant towards her attorneys fees the sum of $200.00 payable in two installments, the first installment due on August 1, 1972 and the second installment due on September 1, 1972."
The proof showed that Mr. Hartley was employed at Keesler Air Force base at $19,246 a year; that soon after the agreed property settlement he had received a $900 per year increase; that he had married again, had given up his apartment and was living in the home of his second wife and had started making the mortgage payments on this home. The first Mrs. Hartley was unemployed at the time of the divorce, was now making $50 to $75 per month as a seamstress, but by experience and training was capable of making much more.
In our opinion, the proof does not bear out the finding of the Chancellor that there had been a material change in circumstances, and the Decree of the Chancellor reducing the agreed child support payments from $200 to $170 per month is reversed and the child support payments restored to $200 per month.
Mrs. Hartley's counsel contended vigorously, both in his brief and in oral argument, that this Court should set specific and detailed guidelines for the fixing of attorney's fees in divorce matters and subsequent related matters.
It is impossible for this Court to lay down any hard and fast rules with reference to the fixing of attorney's fees in this type of case, and any attempt to do so would be most inappropriate and unwise. It is especially true in divorce cases that circumstances alter cases and that the chancellor should have wide authority and discretion in setting appropriate attorney's fees after carefully considering the facts of each case.
In Klumb v. Klumb, 194 So.2d 221 (Miss. 1967), this Court said:
"The matter of fixing attorney's fees for services rendered in the trial court is appropriately entrusted to the sound discretion of the Chancellor." 194 So.2d at 225.
We note that in the divorce decree of July 24, 1972, the parties themselves agreed that the right amount for Mr. Hartley to pay toward her attorney's fees was $200. We cannot say that the chancellor abused his discretion when he ordered Mr. Hartley to pay the same amount, $200, toward her attorney's fee for representation on the petition to modify. The decree of *396 the chancellor is, therefore, affirmed in this respect.
In accordance with the usual custom of this Court, we set the amount to be paid by appellee to appellant to apply on her counsel's fee for representation in this Court at $100 (one-half of the amount allowed in the lower court).
Reversed and rendered as to child support; affirmed as to allowance of attorney's fees, and an additional $100 allowed for representation here.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.