ETHRIDGE, Chief Justice.
This is a suit on a public construction, surety bond made by Reliance Insurance Company covering a highway construction contract between Dixie Contractors, Inc., prime contractor, and the Mississippi State Highway Commission. It involves interpretation of the 1962 amendment to the public contract law. Miss. Laws 1962, ch. 333; Miss.Code 1942 Ann. §9017 (Supp.1970). The issues are whether claimants on surety bonds may file separate suits unless the surety applies for a consolidation; and, if so, whether a claimant filing a separate suit within the one-year limitation is barred from later transferring by intervention that claim to the court of another county in which the surety subsequently elected to join all claims. We hold that prior to request for joinder, separate suits may be filed, and that an action timely filed in another county may be transferred by intervention to the county of joinder, and the filing date will be determined as of the time the original claim was filed. The Chancery Court for the First Judicial District of Hinds County held to that effect and we affirm.
Actions on contracts for public works are purely statutory, with the procedures being set forth in Mississippi Code 1942 Annotated sections 9014-9019 (Supp.1970). If no suit is brought by the obligee within six months from completion and final settlement, then a person supplying labor and materials has a right of action on his claim. Code § 9015. Suit must be commenced by claimant within one year after final settlement and publication of notice. Code § 9016. This case involves the effect of the 1962 amendment to section 9017. The original statute and the act as amended in 1962 are as follows:
(Original Section) § 9017. Parties to suit — only one action to be brought. When suit is so instituted by any person only one action shall be brought and any person entitled to sue may upon application intervene and may be made a party *655 to said suit; however, such intervention must occur within the time limited for such person to bring an original action.
(Section as amended 1962) § 9017. Parties to suit. When suit is instituted, any person entitled to sue may, upon application, intervene and may be made a party to said suit; however, such intervention must occur within the time limited for such persons to bring an original action. The surety on said bond, upon application duly made, shall have the right to require all known claimants under the bond to be joined as parties in any action hereunder.
The defendant-appellant, Dixie Contractors, Inc., entered into its contract with the State Highway Commission for construction work on a highway in Lincoln County on July 1, 1964. Dixie was the prime contractor on the project, and gave to the Highway Commission the required statutory performance bond, on which Reliance appeared as surety. Dixie employed Irby General Contractors, Inc., for the clearing and grubbing work on the project. Ballard’s claim arises from welding work done on Irby’s equipment used in the clearing and grubbing phase of the project. Irby failed to pay Ballard, and this lawsuit followed. The work done by Ballard for Irby was performed between September 14, 1964, and November 25, 1964. The amount owed Ballard was $934.63.
On November 3, 1966, the State Highway Commission published notice of final settlement with the prime contractor in the Brookhaven Leader-Advertiser. On October 24, 1967, an action was filed on the prime contractor’s bond in the Chancery Court of Hinds County, Mississippi, by the Mississippi Road Supply Company, asserting liability on the bond because of equipment rental and repairs supplied by Mississippi Road Supply Company to the subcontractor, Irby. On November 2, 1967, after the filing of the Hinds County Chancery Court action, Ballard filed his suit in the Circuit Court of Lincoln County. On November 27, 1967, Dixie and Reliance filed an answer in the Hinds County Chancery Court action, and by special plea elected to have “any and all claimants under the bond joined as parties in the present action.” They asked “the court to abate this action pending the issuance and publication by complainant of proper process as provided by law in such cases, notifying any and all possible claimants under said bond of the pendency of this cause and the election aforesaid.” On December 8, 1967, Dixie and Reliance filed an answer in the Circuit Court of Lincoln County and incorporated a plea that the declaration of Ballard should be dismissed, since the Chancery Court of Hinds County had exclusive jurisdiction under Mississippi Code 1942 Annotated section 9017 (Supp.1970).
On January 26, 1968, the Circuit Court of Lincoln County entered an order holding that Ballard’s claim should be transferred to the Chancery Court of Hinds County, which then had exclusive jurisdiction, and that Ballard “should be considered an intervenor in said proceeding in Hinds County * * * ”
Dixie then filed a motion for dismissal of Ballard’s claim in the Chancery Court of Hinds County, arguing that Ballard’s suit in Hinds County was barred and prohibited by section 9017, and that the Chancery Court of Hinds County was without jurisdiction of the attempted intervention. The chancellor overruled that motion to dismiss and allowed Ballard to recast his pleadings to conform to the chancery rules, and Ballard later filed a bill of complaint within the time specified by the chancellor.
Ballard’s recast bill of complaint was filed on April 12, 1968. The claim of Mississippi Road Supply Company against the defendants was subsequently dismissed. Thus the only claim at issue here is that of Ballard v. Dixie, Irby and Reliance. Ballard obtained a judgment of $934.63, the amount owed him, plus $467.32 as attorney’s fees, making a total judgment of $1,401.95, plus 6% interest from and after *656 the date of the judgment. Dixie appeals from that decree, and Ballard cross-appeals, seeking to have the decree amended to allow him 6% interest from the date the account became due and payable rather than from the date of judgment.
Dixie’s position is that although Ballard filed his suit one day before the one year statute of limitations had run, another action, that of Mississippi Road Supply Company, had already been filed in the Chancery Court of Hinds County. When the Circuit Court of Lincoln County transferred the case to Hinds County Chancery Court, the intervention by transfer came at a time which was more than one year from the statutory publication by the owner of completion of the project.
Prior to the amendment, there could only be one suit brought on a bond, and any person entitled to sue could intervene within one year. Euclid-Miss. v. Western Casualty & Surety Co., 249 Miss. 547, 163 So.2d 676 (1964). After the amendment, different suits can be maintained unless the surety exercises its right to have all suits consolidated. Code §§ 9015, 9017.
Code section 9017 provides that when a suit on a public contract is instituted, any proper person may intervene and be made a party to it, but the intervention must occur within one year. Correlatively, the surety on the bond upon application has the right to require all known claimants to be joined in one action. However, this act does not reflect any legislative intent to permit the surety to defeat a valid and timely cause of action by simply waiting for the year to expire, then applying under the second sentence of section 9017 for a consolidation of all claims. The one-year limitation operates to bar a party who files his original application after the one year. The one-year limitation does not proscribe a claim where, after a claimant files within a year his claim in a court of competent jurisdiction, the surety elects to consolidate all claims in a separate proceeding in another jurisdiction, under the authority of the second sentence of section 9017.
As is illustrated by this case, a contrary result would have the effect of enabling a surety to bar the claim of a claimant who has timely filed in another jurisdiction, by the device of filing an application for consolidation after one year. We do not think the legislature intended an unfair and unreasonable result. Such an assumption would be justified only by clear and explicit langauge to that effect. Accordingly, the Chancery Court of Lincoln County correctly transferred Ballard’s claim to the Chancery Court of Hinds County, and correctly designated the same as an intervention to be dated from the time of filing of the claim in the Circuit Court of Lincoln County.
Dixie contends that Ballard failed to offer sufficient evidence to reflect the correctness of the items embraced in his account. They were for labor and materials. Ballard’s claim was accompanied by a sworn account and Ballard testified from his own personal knowledge in support of his claim. The chancery court was justified in concluding that the evidence was sufficient ; certainly it cannot be said to be manifestly wrong.
On cross-appeal, Ballard properly asserts that the trial court erred in awarding interest only from the date of the judgment. He was entitled to interest on the amount due for labor and materials from the time when the debt became due and payable, and is entitled to recover such interest from the contractor’s surety, although the surety bond does not expressly provide for interest on such debts. The decree of the chancery court is corrected so as to award to Ballard interest upon the amount due him from the time when the debt became due and payable (November 25, 1964). Miss.Code 1942 Ann. § 36 (1956); Faulkner Concrete Pipe Co. v. U. *657 S. F. & G. Co., 218 So.2d 1 (Miss.1969). Accordingly, on cross-appeal the chancery court’s decree in this limited respect is reversed and judgment rendered here awarding interest on the above stated basis.
Appellee Ballard has also filed a motion for reasonable attorney’s fees on appeal. The chancery court allowed attorney’s fees of $467.32 for services in the trial court. The bond provides for reasonable attorney’s fees. The motion for attorney’s fees is sustained, and Ballard is allowed a fee for the services of his attorney on this appeal in the amount of one-half of that allowed by the trial court. Ballard was required to defend in this Court the decree in his favor, and to cross-appeal to obtain a proper allowance of interest.
On direct appeal affirmed; on cross-appeal reversed and judgment rendered; ap-pellee’s motion for attorney’s fees sustained.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.